**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

**FERNANDO AMADOR PARES**                          Case No.   21-01345-ESL

                              Chapter 13        Attorney Name:   PABLO E GARCIA PEREZ*

| I. Appearances | | | |
|---|---|---|---|
| Debtor | [X] Present | [ ] Absent | |
| Joint Debtor | [ ] Present | [ ] Absent | |
| Attorney for Debtor | [X] Present | [ ] Absent | |
| [ ] Prose | | | |
| [ ] Appearing: | | | |

Date & Time:   6/2/2021  3:45:00AM

[X] R      [ ] NR    LV:  $41,138  $47,719

[X] This is debtor(s) 1 Bankruptcy filing.

Creditors:

Department of Treasury by Ms. Carla Rodríguez
Mr. Jorge Torres Coromina by Ms. Nilda Gonzalez, Esq.
Franklin Credit by Mr. Luis M. Suarez.

**II. Oath Administered**
    [X] Yes            [ ] No

**III. Plan**

Date:  05/13/2021       Base:    $109,750.00    Payments 0 made out of  1 due.

Confirmation Hearing Date:      7/7/2021  9:00:00AM

Evidence of Pmt shown:

**Attorney's fees as per R. 2016(b)**

    $0.00  -  $0.00     = $0.00

**IV. Status of Meeting**

[X] Closed       [ ] Not Held       [ ] Held/Continued

[ ] Held/Not Closed

[ ] Continued

Continued Date:

Comments:

[ ] M.T.D. to be filed by Trustee: Debtor(s) failed to:  [ ] Appear: [ ] Commence payments

[ ] Keep payments current [ ] does (do) not qualify as a debtor (§109):

[ ] MTD Already filed, see Docket:

[ ] Other:

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FERNANDO AMADOR PARES  Case No. 21-01345-ESL

Chapter 13  Attorney Name: PABLO E GARCIA PEREZ*

(Cont.)

**Trustee's Report on Confirmation**

[ ] FAVORABLE

[X] UNFAVORABLE

| | |
|---|---|
| [ ] Feasibility<br>[ ] Insufficiently funded<br>[ ] Unfair discrimination<br>[ ] Fails disposable income<br>[ ] Fails liquidation value test<br>[ ] Insuarence quote | [ ] No provision for secured creditor(s)<br><br>[ ] Tax returns missing<br>   [ ] State - years<br><br>[ ] Federal - years |

Pending/Items/ Documents:

| | |
|---|---|
| [ ] DSO Recipient's Information<br><br>[ ] Evidence of being current with DSO<br><br>[ ] Evidence of income | [ ] Monthly reports for the months<br><br>[ ] Public Liability Insurance<br>  [ ] Premises<br>  [ ] Vehicle(s):<br>[ ] Licenses issued by: |

STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

In re:

**FERNANDO AMADOR PARES**                    Case No.    21-01345-ESL

                                Chapter 13    Attorney Name:    PABLO E GARCIA PEREZ*

**Trustee's objection to confirmation**

[ ] Objection to Confirmation
[ ] Oral objection by creditor

**ACP: 5**

**Household size: 1**

**Disp. Income under 1325(b)(2): -88**

------------------

**ID (lic), SS, W/S, TX (2017-2020)**

**Nmar, Chief mechanic  Shop Supervisor at Coop Camioneros.**

**Plan:  750 x 57, 15,000 x 1 , 40,000 x 1 , 12,000 x 1 = $109,750.**

**G.U.  0% I/F**

------------------

**Matters:**

1. The 1st installment of the plan has not been made. Debtor is advised that it was due on 5-30-2021.  Says he sent it ast week.

2. FEASIBILITY, 11 USC §1325(a)(6):
  a. Lump sum proposed related to Lot 4-E, URB LAKE VIEW, CAGUAS has no sufficient equity.

  b. Per Schd J available disposable income is $665; however, plan proposes payment of $750.

3. PLAN DOES NOT PROVIDE FOR SECURED CREDITOR, §1325(a)(5):
  a. CRIM's Claim No. 3

  b. FRANKLIN CREDIT MANAGEMENT CORPORATION's Claim No. 1

4. PLAN IS INSUFFICIENT FUNDED, §1325(b):
... to pay secured and priority debts

5. FAILS DISPOSABLE INCOME TEST, §1325(b)(1)(B):
   a. Plan has no provide for the last 3 regular payments in the amount of $750.00.

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

**FERNANDO AMADOR PARES**  Case No.  21-01345-ESL

Chapter 13    Attorney Name:   PABLO E GARCIA PEREZ*

---

  b. Missing Soc. Sec. income benefits.

  c. Missing income (pay stubs ) from October 2020.

  d. Per evidence of income provided without consider missing pay stubs from October 2020 that are missing, the average income is $2,657.00 vs income disclosed in Schedule I of $2,236.00.
It is  noted that said analysis is considering over times in the amount of $1,370 earned on 12-23-2020, $460 earned on 3-3-2020 and Christmas bonus of $1,600.00 received on 12-3-2020. Without consider said amounts nor missing paystubs from October,  the average gross income is $2,085.00

  e. Xmas bonus it is not considered in Schedule I.


6. FAILS LIQUIDATION VALUE TEST, §1325(a)(4): Trustee object present value stated in part 5.1. Therein should disclose the present value of $47,719.


7. OTHER:
  a. Section 2.1. Appears plan payments was not included with lump sums proposed

  b. Form 122C,  line 1: The box that identify debtor's marital status was not checked off.

  c. Part 3, section 3.1 of plan reflects that the Trustee will make direct mortgage payment to BPPR mortgage in the amount
of $879.00, however, monthly plan payments are of $750.00. Also, Schedule J reflects that debtor will continue making said
payment directly to creditor. The same with maintenance fees with Asoc. Residentes Lake View (monthly payment $100.00).
Schedule J also disclose said expenses. Debtor is  asked to review intention of maintain current monthly payments
to mortgage creditor and maintenance fees.

  d. Part 3.4 is checked off to make some treatment; however, none creditor was disclosed therein.

  e. Part 4, section 4.3: Debtor's attorney has check marked in "Fee application"; however, Disclosure of Compensation filed
at docket no. 19 seems to indicate that this is a "flat fee" case.

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

**FERNANDO AMADOR PARES**                    Case No.  **21-01345-ESL**

                              **Chapter 13**        Attorney Name:   **PABLO E GARCIA PEREZ***

  d. Part 4.4 has no provision for priority debts of CRIM (acct 1003 and 4000)

  e. Devote any all-exempt proceeds from debtors' claim against Junta de Condomines Sun Bay Condo into the plan.

  f. Schedule C does not specify the amount to be claimed over household goods. The box was checked off without amount.

  g. SOFA does not disclose income from 2019 and 2018.

  h. Presiding to review language proposed in part 8

  e.   There is a judgment against debtor by creditor Jorge Torres for $78,000.  He is to file a claim.

  f.  Will amend plan to include surrender of collateral ;provision for Franklin Credit.

The following party(ies) object(s) confirmation:

s/Alejandro Oliveras                                          Date:      06/02/2021

Trustee/Presiding Officer                                                      (Rev. 05/13)