IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | Case No.: 21-1345 (ESL) |
| Fernando Amador Pares | * | |
| Debtor | * | Chapter 13 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Objection to Proof of Claim 7**

Comes now Debtor represented by the subscribing attorney and very respectfully states, alleges and prays:

1. Creditor Banco Popular (BPPR) has filed claim no. 7 alleging a principal balance of $81808.67 and $85464.04 for interest from 9/01/2012 to 4/30/2026 at 7.625% . The note that accompanies the claim has a maturity date of April 2026 and was filed as part of claim 7.
2. Debtor DOES NOT object principal balance but objects interest calculated at a 7.625% annual interest rate since the mortgage note comes due on April 2026.
3. In essence, debtor objects the $ $85464.04 amount for interest and objects the interest due at 7.625. Debtor alleges that since the note matures during the life of the plan as per the exception contained in 11 USC 1322 C (2) it is able to modify the payment and the interest rate to be applied to said claim and pay it in full during the life of the plan.
4. Debtor filed an adversary proceeding 21-0079 and BPPR mailed a new payoff statement (included as exhibit 1) that shows a new total unpaid principal of $81808,67 which we rounded to $81809.
5. Debtor hereby objects the interest amount; since the note becomes due during the life of the plan. Debtor also objects to the adj/Other fees projected property taxes as they have not become due and will be payable during the life of the plan..

6. Creditor BPPR basis for including 7.625% interest rate is Section 1322 (b) (2) which establishes that secured claims may be modified, "…other than a claim secured only by a security interest in real property that is the debtor's principal residence,…". Still this provision is qualified by section 1322 (c) (2) that states" notwithstanding subsection (B) (2) an applicable nonbankruptcy law - 1… 2 <u>in a case in which the last payment on the original</u>

1

payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325 (a) (5) …

**B. LEGAL MEMORANDUM IN SUPPORT OF OBJECTION TO CLAIM 7:**

7. Legislative history of 11 USCS § 1322(b)(2) indicates that such section was designed to protect and promote increased production of homes and to encourage private individual ownership of homes as traditional and important value in American life. *In re Davis, 989 F.2d 208, 24 Bankr. Ct. Dec. (LRP) 119, 28 Collier Bankr. Cas. 2d (MB) 942 (CA6 Tenn 1993)*.

8. Creditor's rights in mortgage are susceptible to modification by Chapter 13 plan with respect to mortgage's terms or manner of payment pursuant to 11 USC § 1322 which permits modifications with respect to secured claims other than those secured only by security interest in real property that is debtor's principal residence, In the case of *In Re Garcia*[1] the bankruptcy Court explained, in a case that seems to mirror the present one since the note was to expire during the life of the plan and the creditor was also BPPR; that debtor could modify the payments due to secured creditor , applying the *In re Till rate*[2] as long as he paid off the loan during the course of the plan. As per the case of *In re Kelly,*[3]" a debtor in a chapter 13 may deal with a fully matured mortgage provided the mortgage is fully paid off and satisfied before the last payment on the mortgage under the confirmed Chapter 13 Plan is due". See also In re Ibarra[4]

9. In this particular case debtor uses the prime rate plus formula since the prime rate at filing (and over the past year) is 3,25 plus a 1.75% to account for the risk associated with non payment it becomes 5%.

---

[1] 2015 Bankruptcy PR decided June 2015.
[2] 541 US 465 124 S Ct. 1951 (2004)
[3] 283 B.R. 808, 810 (BC M.D.Fla.2002); *In re Nepil*, 206 B.R. 72, 76 (BC N.J.1997); *In re Lobue*, 189 B.R. 216 (BC S.D.Fla.1995); *In re Chang*, 185 B.R. 50 (BC N.D.Ill.1995) ("The new provision, by specifically permitting cure under § 1322(b)(3), notwithstanding **§ 1322(b)(2)**,
[4] 235 BR 204 (Bankr DPR 1999).

2

10. As stated by the Court In re Garcia supra; "Bankruptcy debtor's plan properly reduced interest rate payable on mortgage note using formula rate based on national prime rate plus additional risk adjustment rate, even though note was secured by debtor's principal residence the plan meets the requirements of Till."

11. Debtor attaches a chart (exhibit 2) so that the Court can ascertain that by paying the $81,809 principal requested by BPPR at a 5% rate for 60 months the monthly payment comes to $1543.84.

12. Within 30 days of service any party against whom this paper has been served or any other party to the action, who objects to the relief sought, shall file an appropriate response to this objection with the Clerks office of the US Bankruptcy Court of the District of Puerto Rico. If no objection or response is filed within the time frame, the objection will begin on opposed and may be granted; unless:

a. A requested relief is forbidden by law;

b. The relief is against public policy;

c. The interest of justice requires otherwise. If you file an objection, the Court may schedule a hearing.

Wherefore debtor prays that this Court denies the claim filed by BPPR and orders that said claim can be paid during the life of the plan by debtor with a modified interest rate with any other order the Court deems just.

I certify that on this date I presented the foregoing to the Clerk of the Bankruptcy Court for filing and upload via the ECM/CF system which will send notification to US Trustee Monsita Lecaroz; to Alejandro Oliveras Trustee ; Nilda Gonzalez attorney for Jorge Torres Coronomias and Luis Suarez attorney for Franklin Credit; Eduardo Veray attorney for Banco Popular and Jose J Sanchez attorney for Banco Popular and all the other attorneys that have filed appearances.

In Carolina this Wednesday, August 11, 2021

        s/Pablo E. García Pérez
PABLO E. GARCIA PEREZ
 USDC 207705
 Ave. Roberto Clemente, Bloque 24 #58
 Villa Carolina
 Carolina, PR  00985
 Tel/Fax: (787) 276-2750
 E-Mail:  abogado00985@yahoo.com

4